UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KURT LENIO and MICHELLE LENIO,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK WATERWAY, et al.,<br><br>Defendants. | MEMORANDUM & ORDER<br><br>14-CV-2178 |



JACK B. WEINSTEIN, Senior United States District Judge:

I. Introduction

Plaintiff Kurt Lenio brings federal and state law claims against New York Waterway; Diego Construction, Inc.; D'Onofrio General Contractors Corporation; Skansa USA, Inc.; The City of New York; The New York City Department of Parks & Recreation; Hudson River Park Trust; World Yacht, LLC; and Sightseeing Yachts, Inc. for severe and permanent physical injuries sustained while employed on a barge in the Hudson River. Mr. Lenio's wife, plaintiff Michelle Lenio, brings claims for loss of her husband's society, companionship and services.

The City of New York and The New York City Department of Parks & Recreation (together, the "City") move to dismiss the complaint with prejudice as time barred because: (1) plaintiffs failed to timely and properly effect service within the 120-day period; and (2) plaintiffs are time-barred from recommencing this action where the one year and 90 days statute of limitations has passed.

Plaintiffs file a cross motion for (1) an extension of time to serve the City; (2) an order approving, *nunc pro tunc*, plaintiffs' service of process by first class mail on April 8, 2014, or personal service on September 10, 2014; and (3) any relief that the court deems just and proper.



1

## II. Facts

Plaintiffs claim that Kurt Lenio was injured on April 17, 2013. Compl. ¶ 15, April 7, 2014, ECF No 1.

Plaintiffs filed a notice of claim on July 12, 2013, *see* Notice of Claim, Oct. 14, 2014, ECF. No. 50-4, and plaintiff Kurt Lenio timely appeared for an examination, in accordance with General Municipal Law § 50-h, on September 27, 2013. *See* N.Y. Gen. Mun. Law § 50-h (McKinney 2014); § 50-h Hr'g Tr., Oct. 14, 2014, ECF. No. 50-5.

On April 7, 2014, plaintiff filed their complaint. Compl., April 7, 2014, ECF No 1. They sent the complaint to the City via first class mail. *See* U.S.P.S. First Class Mail Receipt, Oct. 14, 2014, ECF No. 50-7 (indicating delivery to The City of New York and signature of receipt on April 15, 2014).

Plaintiffs requested a waiver of service from the City via letter dated April 8, 2014, pursuant to Fed. R. Civ. P. 4(d)(1). Letter dated April 8, 2014 from Joseph P. Awad to the New York City Law Department of Parks and Recreation, Oct. 1, 2014, ECF No. 44-2. Plaintiffs stated that if the City did not waive service, they would arrange to effectuate service pursuant to the Federal Rules of Civil Procedure. *Id.*

The City did not execute and return the waiver of service acknowledgement forms.

July 16, 2014 was the last day the action could be commenced, according to the statute of limitations.

August 5, 2014 was the last day for service of the summons and complaint on the City.

Plaintiffs effectuated service on September 10, 2014. Aff. Of Service, Oct. 14, 2014, ECF No. 50-10.

2

## III. Law

### a. Statute of Limitations for Commencing Action

General Municipal Law 50-i requires that an action must commence within one year and 90 days. N.Y. Gen. Mun. Law § 50-i(1) (McKinney 2014). It is a condition precedent to prosecution. *Id.* at § 50-i(1)(c).

### b. Service on Municipal Corporations

Federal Rule of Civil Procedure 4(j) requires that service on municipal corporations be effected on chief executive officer or via an alternative means of service authorized by state law. Fed. R. Civ. P. 4(j)(2)(A)–(B).

### c. Time Limit for Service

Federal Rule of Civil Procedure 4(m) requires that defendant is served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m).

## IV. Application of Law to Facts

Plaintiffs did not commence the action within the State of New York statute of limitations of one year and ninety days, nor did plaintiffs effect service within the Federal Rules of Civil Procedure 120 days. The City's motion to dismiss with prejudice is granted.

Plaintiffs' cross motion is denied.

No costs or disbursements are granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: November 17, 2014
      Brooklyn, New York